UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. CR-10-041-JLQ |
|---|---|
| Plaintiff, | |
| v. | **ORDER RECALLING AND STAYING SENTENCING;** |
| | **MEMORANDUM OPINION RE: SENTENCING GUIDELINE CALCULATION ENHANCEMENT FOR CRIME OF VIOLENCE AND** |
| FRANCISCO OSUNA ARMENTA | |
| Defendant . | **ORDER ALLOWING FURTHER BRIEFING** |

On October 8, 2010, the court held a sentencing hearing in the above-captioned matter. The Defendant was present with court appointed counsel, Kimberly Deater. The United States was represented by Pamela Byerly. Assistant United States Attorney.

Although the United States Sentencing Guidelines ("USSG") are advisory, the court is required to calculate the Guideline range and consider that range in determining the particular sentence to be imposed under 18 U.S.C. § 3553. On September 28, 2010 the Defendant filed objections to the Presentence Investigation Report including an objection to the application of a sixteen-level enhancement pursuant to USSG 2L1.2 based Armenta's prior conviction under Revised Code of Washington (RCW) 9A.40.040(1) for Unlawful Imprisonment as a crime of violence. The Government did not file a written response to the Defendant's objection, but orally pursued application of the enhancement at the sentencing hearing.

ORDER - 1

An offense constitutes a crime of violence if it is one of the enumerated offenses or if the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n. 1(B)(iii) (2007). To determine whether a crime is a crime of violence for purposes of 2L1.2, the court follows the approach set forth in *Taylor v. U.S.*, 495 U.S. 575 (1990). "Under[the categorical] approach, we do not look to the facts of the underlying conviction, but rather to the state statute defining the conviction." *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010). "In order for a violation of the state statute to qualify as a predicate offense, the **full range of conduct** covered by the state statute must fall within the scope of the federal statutory provision." *Id*. (citation, alteration and internal quotation marks omitted, emphasis added).

Under Washington law, a person is guilty of Unlawful Imprisonment if "he knowingly restrains another person." RCW 9A.40.040(1). "Restrain" is defined as

> to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his liberty. Restraint is "without consent" if it is accomplished by **(a) physical force**, intimidation, or deception, or (b) any means including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and if the parent, guardian, or other person or institution having lawful control or custody of him has not acquiesced. (Emphasis supplied.)

RCW 9A.40.010(1).

The court does not find that the Defendant committed a crime of violence as a categorical matter because the range of conduct prohibited by the statutory definition of the crime is broader than the applicable definition of crime of violence found at USSG § 2L1.2(a). *See e.g., U.S. v. Ruiz-Rodriguez,* 494 F.3d 1273 (10th Cir 2007). Otherwise stated, a defendant can be convicted of unlawful imprisonment under RCW 9A.40.040 by the use of physical force against another person, but it is categorically overbroad because the statute also permits commission of the offense by deception, intimidation, or acquiescence in certain circumstances.

ORDER - 2

When a crime of conviction is overbroad under the categorical approach, the court considers whether the conviction is one of violence under the modified categorical analysis. Under the modified categorical approach, the court determines whether Armenta actually pled guilty to a crime involving the use, attempted use, or threatened use of force.  There is an evolving, and oftentimes confusing body of law that has developed to define this approach.

The Ninth Circuit has stated that "the modified categorical approach applies only if the statute of conviction is divisible into several crimes..." *Aguilar-Turcios v. Holder*, 582 F.3d 1093, 1097 (9th Cir.2009) (citing *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir.2007) ( en banc )).  The Ninth Circuit has never defined the term "divisible", though case law seems to equate the term "divisible" with "overbroad": that the statute encompasses crimes both within and outside of the coverage of a federal category of crime.  *See  Aguilar-Turcios v. Holder*, 582 F.3d 1093, 1098 n. 4 (9th Cir. 2009); *U.S. v. Franetich*, 344 Fed.Appx. 416, 418 (9th Cir. 2009)(unpublished).  Notably, the U.S. Supreme Court has never utilized the term "divisible" in discussing the modified categorical approach.

At sentencing, the Defendant seemed to urge the court to adopt a strict approach to the term "divisible," by requiring the <u>statute of conviction</u> (and not its statutory definitions) to contain lists of explicitly enumerated discrete subsections or phrases describing the alternative ways a violation might occur.  At the sentencing hearing, the court discussed whether a strict view of the modified categorical approach is mandated.  Indeed, *Taylor v. United States*, 495 U.S. 575 (1990), and many Ninth Circuit opinions, have dealt specifically with state statutes that did not have such lists.  *See discussion*, *U.S. v. Woods*, 576 F.3d 400, 415-16 (7th Cir.)(dissenting opinion); *see also*, *Dulal-Whiteway v. U.S. Dep't of Homeland Sec.*, 501 F.3d 116, 124-27 (2d Cir . 2007)(describing various of approaches to determining whether a statute is divisible).

ORDER - 3

Because the law is evolving on this subject the court has determined to afford the parties the opportunity to file a brief as to the current state of the law. Specifically, the parties should address **whether or not the law restricts application of the modified categorical approach to statutes with lists** (e.g., separately numbered subsections or statutory phrases which explicitly set forth the alternative modes of commission).

Defendant's objection also raises what the court views as a second <u>separate</u> but closely related issue. The Ninth Circuit has also recently held that where a divisible statute is "missing altogether" an element of the conduct proscribed [e.g. a crime of violence, an aggravated felony, etc], then the modified categorical approach does not apply. *Aguilar-Turcios v. Holder*, 582 F.3d 1093 (9th Cir. 2009) (applying *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007)(en banc)). For example, in *Navarro-Lopez*, though the statute was divisible, the court held that the statute could never conform to the definition of an aggravated felony. *Navarro-Lopez's* blanket statement that the modified categorical can *never* apply when an element is missing has been abrogated by *Nijhawan v. Holder*, 129 S.Ct. 2294 (2009), which held that the court could consider permissible outside sentencing materials to determine whether a crime meets a "circumstance-specific" element of the federal definition, such as monetary threshold, even though, the amount of loss was not an element of the underlying state fraud statute for the crime of conviction.

The parties should further brief the applicability *Navarro-Lopez*, should the Defendant wish to continue pursuing this argument. However, it would seem *Navarro-Lopez* is inapplicable because Unlawful Imprisonment is not "missing" any portion of the definition of crime of violence: as defined by statute, Unlawful Imprisonment can be accomplished by physical force, which is one way to qualify as a crime of violence.

Defendant may file and serve a Supplemental Sentencing Memorandum on these issues within TEN DAYS of this Order. The Government shall file any

ORDER - 4

responsive memorandum within SEVEN DAYS of its receipt of the Defendant's memorandum. The Defendant may reply within FIVE days. The court will thereafter take the matter under submission and then upon ruling, either enter Judgment as orally announced on October 8, 2010 or schedule the matter for re-sentencing.

Dated this 15th day of October, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5