1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF WASHINGTON

6

7   UNITED STATES OF AMERICA,

8              Plaintiff,                    NO. CR-10-041-JLQ

9          v.                               MEMORANDUM OPINION RE:
                                            SENTENCING GUIDELINE
10                                          CALCULATION

11  FRANCISCO OSUNA-ARMENTA,

12             Defendant.

13

14      On April 6, 2010, Plaintiff was indicted for being an Alien in the United States

15  After Deportation in violation of 8 U.S.C. § 1326.  He pled guilty on August 10, 2010.

16  The sentencing hearing took place on October 8, 2010.

17      The Defendant objected to the Presentence Investigative Report's

18  recommendation for the application of the sixteen-level "crime of violence" sentence

19  enhancement under § 2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines (U.S.S.G.)

20  based upon his prior conviction of the felony crime of Unlawful Imprisonment.  Prior to

21  sentencing, the Government did not respond to Defendant's objection.   At the sentencing

22  hearing the Government orally advocated for the application of the "crime of violence"

23  enhancement to the Offense Level and in support, submitted state court records for the

24  court to consider.

25      The court found that the 16-level "crime of violence" enhancement applied and

26  determined the Offense Level to be 21, the Criminal History Category IV, and the

27  Guideline Range 57-71 months.  The court exercised its discretion and, after considering

28  the factors set forth in 18 U.S.C. § 3553(a), sentenced the Defendant to incarceration for

ORDER - 1

a period of 36 months to be followed by 3 years of Supervised Release.

After the sentencing hearing, recognizing the evolving state of the law in this "crime of violence" sentencing area, the court stayed the execution of the judgment and permitted the parties time to brief the court on the issue. Ct. Rec. 33.  After review of the parties' written submissions and further reading of the law, the court continues in its determination that the "crime of violence" enhancement to the Offense Level of the Guidelines applies.

## I.      FACTS RE: UNLAWFUL IMPRISONMENT CONVICTION

On November 15, 2005, the Defendant pleaded guilty to the Washington state felony offense of Unlawful Imprisonment in violation of RCW 9A.40.040(1).  He was sentenced to 35 days imprisonment and 12 months community custody with the condition that he undergo anger management treatment.

At the sentencing in the matter before this court, the Government submitted to the court several documents related to the Defendant's prior conviction including: (1) the Information charging Defendant with Unlawful Imprisonment (ex 3); (2) the Statement of Defendant On Plea of Guilty to Non-Sex Offense (ex 1); (3) the Felony Judgment and Sentence (Ex 2); (4) the Motion and Affidavit for Arrest and Detention (Ex 4); and (5) the Quincy Police Department Offense Reports (Ex. 5).  The police incident reports state that on October 10, 2005 the Defendant, an ex-husband / boyfriend of the victim, followed the victim in his van,  then contacted her at a business establishment where he "grabbed her by the arm of her sweater and physically pulled her into the van""against her will", and while inside the van, "threaten[ed] to beat her physically" and told her she had to stay with him.

## II.     ANALYSIS

Section 2L1.2 provides for a sixteen-level Offense Level enhancement if the Defendant has been previously convicted of a "crime of violence."  While the term "crime of violence" is used in various contexts in the federal code and Sentencing Guidelines, the illegal reentry guideline contains its own definition.  The commentary to

ORDER - 2

§2L1.2 states that an offense qualifies as a crime of violence if it either constitutes one of particular enumerated crimes, none of which are relevant here, or any felony offense under state or federal law that "**has as an element the use, attempted use, or threatened use of physical force against the person of another**." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii)(emphasis added).   The Ninth Circuit refers to this section of the crime of violence definition as the "element prong." *U.S. v. Espinoza-Morales* --- F.3d ----, 2010 WL 3516769 (9th Cir. 2010);  *U.S. v. Grajeda*, 581 F.3d 1186, 1190 (9th Cir. 2009).  At issue in this case is whether the Defendant's prior offense of Unlawful Imprisonment fits within the enhancement's element prong.

**A.     Identifying the "Elements" of the Defendant's Prior Offense**

To determine whether Defendant's prior conviction qualifies as a "crime of violence" under U.S.S.G. § 2L1.2, the court applies the approach set forth in Taylor v. United States, 495 U.S. 575, 602 (1990).   *U.S. v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009).  Under that approach, the court first considers whether a prior offense "is categorically a crime of violence by assessing whether the full range of conduct covered by the statute falls within the meaning of that If so, "there is no problem, because the conviction necessarily implies that the defendant has been found guilty of" a predicate offense. *Taylor v. United States*, 495 U.S. 575, 599 (1990).

U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii) states that in order to qualify as a crime of violence under this provision the offense of conviction must have the use, attempted use, or threatened use of physical force "as an element."  The parties' dispute in this case is a legal disagreement over how the court should construe the language "as an element." There is no dispute that the elements of an offense begin with the statute of conviction. The Unlawful Imprisonment statute under which the Defendant was convicted, RCW 9A.40.040 (1), states that Unlawful Imprisonment is committed by the knowing restraint of another person.  The statute thus requires two basic elements: (1) knowingly; (2) restraining another person.

ORDER - 3

1

   It is the Defendant's position that the court can look no further than what is
explicitly expressed in RCW 9A.40.040(1) to determine whether unlawful imprisonment
has the use of physical force "as an element."   The court finds that the inquiry here is
not so restricted.  The term "element," as it is used in this instance, refers to the *statutory definition* of the offense, which depending on how a state drafts its criminal laws, may
encompass  provisions other than the statute of conviction itself.   *Taylor v. United States*
specifically discussed the sentencing court's boundaries when the inquiry is whether a
crime has the use of force "as an element" and instructs that a sentencing court's inquiry
should as a general rule, "look only to the <u>statutory definition</u> of an offense."  495 U.S. at
600.  The purpose of the court's inquiry is to determine what conduct the statute of
conviction proscribes.  While some state statutes may be drafted in such a way that
statute of conviction itself provides that information, in this instance, the Washington
Unlawful Imprisonment statute is drafted with general components which are elsewhere
defined in the code.  If Defendant's position were the law, the 16-level enhancement
would only apply in states which draft their criminal codes with explicit detailed lists,
subparts and subsets.  Courts have held that § 2L1.2's "as an element" language limits
the scope of proper inquiry to the statutory <u>definition</u> of the prior offense and does not
permit judicial examination of the facts behind the conviction.   This court is not aware
of any binding authority construing the "as an element" language as limiting which part
of the criminal code the court can consider.

   The court finds that the element of "restraint" incorporates the following sub-
elements elsewhere defined in Washington law.  "Restraint" is defined by statute to
restrict a person's movements without consent and without legal authority in a manner
that interferes substantially with that person's liberty. RCW 9A.40.010(1).  A restraint is
without consent if is accomplished by (a) physical force, intimidation, or deception, or
(b) any means including acquiescence of the victim, if he is a child less than sixteen
years old or an incompetent person..." RCW 9A.40.010(1)(a).  "Substantially" is defined
by the case law as a real or material interference with liberty, as opposed to a petty

ORDER - 4

1

annoyance, slight inconvenience, or imaginary conflict. *State v. Robinson*, 582 P.2d 580
(1978), aff'd, 92 Wash.2d 357, 597 P.2d 892 (1979).

As this Washington statutory language reveals, there are multiple variants of
criminal restraint, one of which involves physical force, but others do not.  For example,
a person can also commit a criminal restraint by intimidation or deception.  Although the
case law demonstrates that physical force or the threat of force likely is used to
effectuate the restraint in most instances, it is in theory not essential in every case.
Because there is more than one way of committing Unlawful Imprisonment in
Washington, and not all variants require proof of force, the mere fact of Defendant's
conviction alone does not tell the court whether he committed a crime of violence.

The Defendant emphasizes in his briefs that RCW 9A.40.010 does not have as a
"requisite" or a "required element" the use, attempted use or threatened use of force.  To
the extent the Defendant's contention stands for the fact that force is not *always* an
element in every Washington Unlawful Imprisonment case,  it is precisely this fact that
prohibits the conviction from qualifying as a categorical crime of violence: RCW
9A.40.010 does not criminalize conduct that "falls exclusively within the federal
definition of the predicate offense."  However, to the extent the  Defendant's position is
that a criminal act can never be a crime of violence unless every imaginable way it can
be committed under a statute requires the use, attempted use, or threatened use of
physical force, this court rejects that position by reason of the language of *Taylor v.
United States*, 495 U.S. 575 (1990).

The use of force, is a component of Washington's Unlawful Imprisonment statutes.
The Washington law specifically proscribes knowingly "restrict[ing] a person's
movements" by "physical force" "without legal authority in a manner that interferes
substantially with that person's liberty."  Accordingly, the court concludes the
Defendant's conviction includes the use, attempted use, or threatened use of force against
another person "as an element." Because the breadth of the statutory definition of the
Unlawful Imprisonment law includes as elements a crime of violence, it is this fact

ORDER - 5

1

which distinguishes this case from the case relied heavily upon by Defendant,

*Navarro-Lopez v. Gonzales,* 503 F.3d 1063, 1073 (9th Cir.2007) (en banc).  In *Navarro*,

the court found that California's misdemeanor false imprisonment was lacking the use of

force as an element and therefore, the crime of conviction could never be "narrowed to

conform to the generic crime..."  *Id*. Unlike in *Navarro*, the Unlawful Imprisonment law

at issue in this case can be pared down to conform to the definition of a crime of

violence.

There are many criminal laws in which the manner and means of committing the

offense are not part of the statutory definition.  The statutes referred to by the Defendant

in his brief -- the felony elude statute described in *U.S. v. Jennings*, 515 F.3d 980, 992

(9th Cir. 2008) and the assault statute in *Perez v. Mukasey*, 512 F.3d 1222 (9th Cir.

2008) -- are examples of this fairly common occurrence in criminal law.  Washington's

Unlawful Imprisonment law, on the other hand, is one of the perhaps more unusual laws

in which the manner and means of accomplishing the offense are part of its statutory

definition. In this instance, the use of physical force against another person is

encompassed by one of the definitions of the means and manner of committing the

offense.   Accordingly, because the state statute is "categorically broader" than the crime

of violence definition, the court employs what is called the "modified categorical

approach" outlined in *Taylor*.

As this court has already concluded that unlawful imprisonment is not

categorically a crime of violence under the element prong, the court need not consider

the Defendant's alternative argument that the Unlawful Imprisonment statute is

categorically over-broad (because the state's definition of physical force suggests

nonviolent force would suffice, whereas the federal definition requires that the force be

violent in nature).  However, the court notes the breadth of the Washington statutory

language includes the use of violent physical force.  *See*, e.g., *U.S. v. De La Fuente*, 353

F.3d 766, 770 (9th Cir. 2003)(holding that if a "statute reaches both conduct that would

constitute a crime of violence and conduct that would not, we turn to a modified

categorical approach..."); *Ramirez-Villalpando v. Holder*, 601 F.3d 891, (9th Cir. 2010)(If the statute of conviction proscribes a broader range of conduct than the generic offense, we then turn to the modified categorical approach...even if the statute defining the crime is overly inclusive.").

**B.     Applying the Modified Categorical Approach**

At one time it was an open question whether the modified categorical approach was ever appropriately applied to determine whether a conviction qualifies under the "element prong" of the crime of violence definition under § 2L1.2(b)(1)(A)(ii). However, as recently as two months ago, the Ninth Circuit held <u>in this very context</u>, that the modified categorical approach requires the court to  "next determine...'if we can-whether <u>the conduct for which the defendant was convicted</u> fits within the federal definition' of a crime of violence". *U.S. v. Espinoza-Morales*, --- F.3d ----, 2010 WL 3516769 (9th Cir. 2010) (*quoting United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir.2008) (en banc)).  Where the Defendant has entered a guilty plea, the modified categorical approach permits the court to look at a limited number of documents including  "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, **<u>or to some comparable judicial record of this information,</u>** which would show that the defendant "necessarily admitted elements of the generic offense." (Emphasis supplied.) *Shepard*, 544 U.S. at 26, 125 S.Ct. 1254.

As applied here, the court must determine whether the Defendant's conviction for Unlawful Imprisonment was based on the use or threatened use of physical force against another person, as the Guidelines "crime of violence" definition requires.  The court recognizes the point of this inquiry is to identify *what offense* the defendant committed i.e. whether the  use of force type of restraint element was committed by the Defendant. Neither *Taylor* or *Shepard* authorize sentencing courts to make independent assessments of pleaded conduct, outside the record, when applying an enhancement provision that require the courts to identify the elements of a prior offense.

ORDER - 7

1

     The documentation in the record in the matter *sub judice* includes the charging
2   information, the judgment of conviction, and the Defendant's "Statement of Defendant
3   on Plea of Guilty" indicating that the court "may review the police reports and/or a
4   statement of probable cause supplied by the prosecution to establish a factual basis for
5   the plea."  The information and the judgment only establish that the Defendant was
6   charged and pled guilty to the general elements of unlawful imprisonment,  the knowing
7   restraint of another person accomplished "by physical force, intimidation or deception."
8   Ct. Rec., Ex. 1 at 2.   If these were the only documents before the court,  the record
9   would be insufficient to unequivocally establish the Defendant pled guilty to a crime of
10  violence.  *See U.S. v. Martinez-Martinez*, 468 F.3d 604, 613-614 (9th Cir.
11  2006)(concluding that recitation of the statutory elements is insufficient to establish the
12  nature of a prior conviction where the statute of conviction is overly broad); *U.S. v.*
13  *Lopez-Montanez,* 421 F.3d 926, 931 (9th Cir. 2005)(holding documents insufficient when
14  they "simply restate the language of the statute" and defendant enters a plea without
15  elaboration).

16       However, because of the Defendant's  specific consent in his written Washington
17  plea authorizing the court to review the police reports and/or statement of probable cause
18  to establish the factual conduct supporting the plea, this court may also permissibly
19  consider the police incident report and the state's statement of probable cause in the
20  "Motion and Affidavit for Arrest and Detention."  Ct. Rec.  Ex 4, Ex. 5. *Suazo Perez v.*
21  *Mukasey*, instructs "'relying upon the [police report] to establish the elements of the
22  crime' of conviction 'does not undermine the purposes of our limited modified
23  categorical inquiry.' 512 F.3d 1222, 1227 (9th Cir. 2008) (citations omitted).  In this case,
24  these documents serve as the evidence of the crime of which the Defendant was
25  convicted.  These documents "unequivocally demonstrate" that the Defendant pled guilty
26  to Unlawful Imprisonment by means of the use of physical force (as opposed to the
27  alternative means of intimidation or deception).  The conviction in fact was based upon
28  the specific variant of the crime involving the use of physical force against the person of

ORDER - 8

another, and the factual and legal element supporting the Washington conviction falls

within the federal definition of a crime of violence.  Accordingly, the 16-level

enhancement under § 2L1.2(b)(1)(A) must be applied.

**III.    Conclusion**

The court rejects the Defendant's restrictive approach to§ 2L1.2 of the Guidelines.

The Defendant's Washington crime of conviction, Unlawful Imprisonment, encompasses

elements both qualifying and not qualifying as a predicate  "crime of violence" for

purposes of § 2L1.2(b)(1)(A).  In this case, applying the modified categorical approach

required the court to find, as common-sense dictates, that an individual who physically

pulls his former spouse into his vehicle by the arm of her sweater, against her will, while

threatening to beat her, has committed a crime that has "as an element" "the use,

attempted use or threatened use of force physical force against the person of another" - a

crime of violence, particularly where the statutory elements of the offense include such

conduct.   The  Defendant's Guideline Offense Level properly  included the 16-level

enhancement by reason of his commission of and conviction for a crime of violence.

The court is satisfied the sentence announced on  October 8, 2010 was rendered

after proper Sentencing Guideline calculations. Accordingly, re-sentencing proceedings

are not necessary and the judgment shall issue forthwith.

DATED this 23rd day of November, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9